**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DAYTON MOTELS, INC., d/b/a Holiday Inn of Dayton, Respondent.**

No. 75–1167.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1975.

Decided Nov. 17, 1975.

Rehearing and Rehearing En Banc Denied Jan. 26, 1976.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Paul Spielberg, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

Charles A. Lawrence, McKnight & Hudson, Fletcher Hudson, Memphis, Tenn., for respondent.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is the second petition for enforcement and cross-petition to review filed in this National Labor Relations Board proceeding. In the first case this court remanded the proceeding for the Board to take testimony upon the good faith doubt defense urged by the company as to the charge that it was in violation of Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) (1970), because it refused to bargain with the union. The facts are set out in detail in *NLRB v. Dayton Motels, Inc.,* 474 F.2d 328 (6th Cir. 1973).

On remand the Board reopened the record, took additional testimony on the good faith doubt issue, and then affirmed the rulings, findings, and conclusions of the administrative law judge, who had held that although the union's original majority in 1967 was tainted by the prounion activities of a female supervisor, that conduct "in no way entered into respondent's decision in June 1970 to withdraw recognition from the union and refuse to bargain with it." The administrative law judge and the majority of the Board found, Chairman Miller dissenting, that the decision to refuse to bargain had been related to an antiunion petition circulated among the employees in September 1970, "a matter in which the Board found the respondent to be substantially involved, in violation of the Act, and which therefore it could not rely on to support its contention that it had valid grounds on which to doubt the union's majority status."

Finding substantial evidence on the whole record to support the findings and conclusions of the Board, enforcement of the bargaining order is granted.

WEICK, Circuit Judge (dissenting).

As pointed out by Chairman Miller of the Board, in his dissent, and as found by the Administrative Law Judge, the union had substantial assistance from a supervisor of the company in its solicitation of membership cards.

The union therefore never had a bona fide majority status and under these circumstances ought not to be representing the company's employees.